UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EDENS TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| KILE GOEKJIAN REED & MCMANUS, PLLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMPLAINT
(JURY TRIAL REQUESTED)

Plaintiff Edens Technologies LLC ("Edens"), by its undersigned counsel, for its complaint against Kile Goekjian Reed & McManus PLLC ("KGR&M"), states the following:

*Introduction*

1. This is an action for legal malpractice and professional negligence. Defendant KGR&M, through its agent and employee, gave negligent, incorrect and incomplete legal advice to plaintiff Edens, thereby encouraging Edens to commit acts of patent infringement against a competitor. When Edens was sued for infringement in this district, defendant KGR&M undertook to represent Edens, despite having a conflict of interest and without obtaining informed consent from Edens. Once engaged in the defense of the litigation, KGR&M gave full responsibility for the case to an inexperienced and obviously unqualified associate and it failed to provide any meaningful supervision or oversight. As a consequence, KGR&M failed to carry out a basic investigation of potentially invalidating prior art, failed to conduct discovery competently, and failed to argue motions effectively – resulting in a ruling before trial that Edens had infringed a valid patent. Faced with a jury trial in Maine limited to two issues – the amount of damages and whether the infringement was willful – and having concluded that KGR&M was

incapable of trying the case, Edens was forced to settle on the eve of trial by accepting a compromise that significantly limited its total exposure and saved the company. Because a competent defense would have shielded Edens from any exposure at all, it brings this action to recover the damages that it has incurred as a result of the litigation.

*The Parties*

2. Plaintiff Edens is a Michigan limited liability company with a principal place of business located at 1371 Trade Centre Drive, Traverse City, Michigan.

3. Defendant KGR&M, on information and belief, is a professional limited liability company registered in the District of Columbia, with a principal place of business located at 1200 New Hampshire Ave, NW, Suite 570, Washington, District of Columbia.

*Jurisdiction and Venue*

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332. The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. The defendant is subject to personal jurisdiction in Maine because it provided legal advice and representation to Edens within the State of Maine in connection with the litigation entitled *Golf Tech, LLC and Sports Vision, LLC v. Edens Technologies, LLC*, Case No. 2:07-cv-00194-DBH (D. Me.) (the "Patent Infringement Action").

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) as a substantial part of the events and omissions giving rise to the claim occurred in this district.

*Defendant's Wrongful Conduct*

7. At all times relevant to this Complaint, Edens was a client of KGR&M.

8. Starting in 2006, Edens manufactured, marketed and sold a golf simulator that would collect information about a golf swing and use that information to project a golf shot in the "Tiger Woods PGA Tour" video game from EA Sports.

9. Edens was aware of certain intellectual property relating to golf simulators, including U.S. Patent No. 6,821,211 ("the '211 patent").

10. On or about April 4, 2007, attorney Scott Houtteman, an associate and employee at KGR&M, reviewed the claims of the '211 patent, and having been informed that Edens wanted to put a reflector on the bottom of a golf club, he gave the following "legal advice" to Edens: "You should be fine."

11. The advice was not given directly. Instead it was communicated through Attorney Houtteman's brother, who knew the founder of Edens. At the time, Attorney Houtteman did not know and had never met or even spoken with anyone employed by Edens. Nevertheless, he considered Edens to be a client of KGR&M, and he considered it reasonable to communicate legal advice using his brother, a non-lawyer, as his agent and conduit.

12. On May 2, 2007, Attorney Houtteman's brother, again acting as a conduit for Attorney Houtteman, conveyed further "legal advice" to Edens: "I think this means your [sic] clear of the patent you are trying to avoid."

13. Attorney Houtteman knew and intended that Edens would rely on his advice in launching a new golf simulator product.

14. The legal advice that Attorney Houtteman provided to Edens in April and May 2007 was not only incorrect as a matter of law but was also provided without carrying out the most fundamental steps in any non-infringement analysis, including a careful study of the patent specification and the patent file history.

15. As a direct result of the flawed opinion from Attorney Houtteman, Edens launched a new version of its golf simulator that infringed the '211 patent. The owner of the '211 patent filed suit for infringement against Edens on November 8, 2007 in the Patent Infringement Action.

16. KGR&M undertook to represent Edens in the Patent Infringement Action without explaining the inherent conflict that was involved in defending its own "legal advice," without explaining that Attorney Houtteman was likely to be a witness in the litigation, and without obtaining informed consent from Edens. To induce Edens to retain KGR&M, and in apparent recognition of the fact that KGR&M bore substantial responsibility for the fact that Edens had been sued, the firm offered to provide its services without charge in the event that Edens lost.

17. KGR&M then assigned Attorney Houtteman the primary responsibility for the defense of the Patent Infringement Action, despite the fact that he had very limited litigation experience. To compound the problem, KGR&M failed to provide any meaningful supervision or oversight.

18. As a consequence of these decisions, KGR&M neglected to investigate or develop an invalidity defense. Indeed, KGR&M did not even plead patent invalidity as a defense until the deadline for amending pleadings. Once the pleadings were amended, it obtained an extension of scheduling deadlines to accommodate the new invalidity defense, but it failed to take advantage of the additional time to develop that defense.

19. Thus, during the time allotted for fact discovery, KGR&M did not look for, and therefore did not find, prior art that admittedly was "freely … available to that public" and which, according to KGR&M, would have been "case dispositive" because it "renders the claims at issue … invalid as a matter of law."

20. Instead, KGR&M pursued a non-infringement defense based upon a proposed claim construction that was unsupportable. The Court rejected the claim construction that KGR&M was asserting and granted summary judgment in favor of the plaintiff and against Edens, finding that the '211 patent was not invalid and that it had been infringed.

21. Three months after the summary judgment ruling against Edens, and in preparation for the final pretrial conference on the damages and willfulness phase of the Patent Infringement Action, KGR&M first advised the Court that it wished to file a new motion for summary judgment, asserting invalidity of the '211 patent based upon "newly discovered prior art." The Court advised KGR&M to move for leave to file its proposed motion, and it did so.

22. The Court denied KGR&M's motion for leave to reopen the invalidity issue, finding that "[t]he omission here was Edens' failure to investigate the case thoroughly in a timely manner and to present the relevant evidence to the court and opposing counsel. That is a glaring omission, causing the unnecessary expenditure of resources and delay, and there is no satisfactory excuse."

23. The Court's ruling the week before jury trial appeared to catch KGR&M by surprise. Because KGR&M seemed unprepared to try the Patent Infringement Action to a Maine jury, on the day before the jury was selected, Edens was forced to change its lead trial counsel, substituting in place of KGR&M its local counsel, who had not been active in the case and who had previously asked to be excused from appearing at trial.

24. Edens was aware that the evidence at trial would support an award of damages of over $370,000, based largely upon testimony given by its own damages "expert," an acquaintance of Attorney Houtteman who had no prior experience as an expert witness and who was recruited at the last minute to provide testimony at no charge. Edens was also aware that there was sufficient evidence to support a jury finding that would justify the Court in trebling the damages and awarding attorneys fees.

25. Against this backdrop and to save the company, Edens agreed to a compromise settlement in the amount of $743,246 on the eve of trial.

COUNT I: LEGAL MALPRACTICE AND PROFESSIONAL NEGLIGENCE

26. Edens incorporates by reference the averments in paragraphs 1-25 as if set forth here in full.

27. The conduct of KGR&M was below the standard of care applicable to attorneys at law representing clients in similar matters.

28. The acts and omissions of KGR&M described herein constitute legal malpractice and professional negligence.

29. As a direct and proximate result of the legal malpractice and professional negligence described herein, Edens has suffered and continues to suffer damages and injuries, including but not limited to the costs of the settlement and other litigation costs and injury to Edens' reputation, credit and business prospects.

PRAYER FOR RELIEF

WHEREFORE, plaintiff asks this Court to order:

A. That judgment be entered against defendant;

B. That damages be awarded to compensate plaintiff for its injuries, together with prejudgment interest and costs; and

C. That plaintiff be awarded such other and further relief as the Court may deem proper.

Dated this 14th day of May, 2009.    */s/ Peter W. Culley*
　　　　　　　　　　　　　　　　　　　　Peter W. Culley
　　　　　　　　　　　　　　　　　　　　PIERCE ATWOOD LLP
　　　　　　　　　　　　　　　　　　　　One Monument Square
　　　　　　　　　　　　　　　　　　　　Portland, ME 04101
　　　　　　　　　　　　　　　　　　　　(207) 791-1100
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

{W1396375.3}

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

> */s/ Peter W. Culley*
> Peter W. Culley

{W1396375.3}